**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| EDGAR VELOZ ALVARADO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02124-SHL-atc |
| SCOTT LADWIG, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION**

Before the Court is Respondent Scott Ladwig's Motion for Extension of Time to Respond to Petition. (ECF No. 12.) Ladwig seeks a five-day extension of time to respond to Petitioner Edgar Veloz Alvarado's Petition under 28 U.S.C. § 2241. (Id. at PageID 41.) Veloz Alvarado filed the Petition on February 7, 2026, challenging his continued detention in the West Tennessee Detention Facility without a bond hearing, and seeking "immediate, unconditional release," arguing that his detention is "void ab initio" and that "a bond hearing is an inadequate remedy in the face of the government's 'automatic stay' power and explicit defiance of judicial orders." (ECF No. 1 at PageID 1.)

In addition, on February 11, 2026, Alvarado filed the Motion for Order Requiring Service, Response and Stay of Transfer, asserting that he had served Ladwig via the United States Attorney's Office for the Western District of Tennessee, and requesting an order mirroring the Order Requiring Service in Hernandez Licona v. Ladwig, No. 2:26-cv-02081-SHL-atc, ECF No. 8 (W.D. Tenn. Jan. 30, 2026). (ECF No. 8 at PageID 29.) Subsequently, the Court entered an order acknowledging Veloz Alvarado's service on Ladwig, directing Ladwig to respond,

setting a reply deadline, and staying Veloz Alvarado's transfer out of the West Tennessee Detention Center during the pendency of this matter.  (ECF No. 9 at PageID 35–36.)

On February 19, Veloz Alvarado notified the court of Ladwig's "fail[ure] to comply with the Court's February 13, 2026, order," as Ladwig did not file a response to the Petition within the five-day deadline set by the Court.  (ECF No. 10 at PageID 37.)  Veloz Alvarado requested an "immediate ruling" on the Petition, arguing that Ladwig "has effectively conceded [his] legal arguments."  (Id. at PageID 38 (quotation modified).)

Ladwig entered the fray later that day, filing the instant Motion.[1]  (ECF No. 12.)  In the Motion, Ladwig discusses Veloz Alvarado's counsel's previous attempts to consult on the Motion for Order Requiring Service, and takes issue with Veloz Alvarado's prior statement that he had fully, properly served the Petition.  (Id. at PageID 42; ECF Nos. 12-1, 12-2, 12-3, 12-4, 12-5.)  Ladwig also highlights that Veloz Alvarado's consultation email to Assistant U.S. Attorney Stuart Canale, the Civil Chief in the Western District, had "a completely different case name in the subject line."  (ECF No. 12 at PageID 42.)  Ladwig argues that he has established good cause to file a late response because of the communication issues between him and Veloz Alvarado.  Namely, he asserts that he "was never served with a copy of the Court's order requiring it to respond to the Petition," and that Veloz Alvarado did not electronically serve the Petition.  (ECF No. 12 at PageID 43, 42 n.1.)

Petitioner filed a Response in Opposition to the Motion, arguing that he corresponded with Canale through email and certified mail five times, and after each correspondence, "[t]he DOJ chose not to enter an appearance."  (ECF No. 13 at PageID 51–52.)  Apparently out of an

---

[1] In addition, Respondent's counsel entered a Notice of Appearance on February 19. (ECF No. 11.)

abundance of caution, Ladwig filed a response to the Petition on February 20, requesting his arguments be taken into consideration when ruling on both the Motion and the Petition.  (ECF No. 14 at PageID 58 n.1.)

Regardless of the Parties' quibbles about Ladwig's notice of the Petition, the Motion is **GRANTED** for good cause shown.  The record shows that Veloz Alvarado served the Petition by Certified Mail on the U.S. Attorney's Office in this District on February 12, 2026.  (ECF No. 13-2 at PageID 56.)  Someone at the office apparently signed for the Petition.  But the Parties' email exchanges reveal their contrasting expectations: Ladwig's counsel expected an order for a response to be served on him by Petitioner, and Petitioner expected a response to be filed after his repeated communications with opposing counsel.  Either way, someone in Ladwig's counsel's office obtained notice that the Petition had been filed, and the Court entered an order on the docket that a response must be filed.

Contrary to Veloz Alvarado's assertions otherwise, though, the Court declines to "to put itself in a position of considering the [P]etition without a response by the respondent."  See Rizk v. Prelesnik, NO. 08-12737, 2010 U.S. Dist. LEXIS 4128, at *9 (E.D. Mich. Jan. 20, 2010).  A habeas petitioner has the burden to "show [they are] in custody in violation of the Constitution," and a "[r]espondent's failure to respond to a claim does not relieve" a petitioner "of that burden." See Delk v. Perry, No. 17-cv-02062, 2019 U.S. Dist. LEXIS 28485, at *4–5 (W.D. Tenn. Feb. 22, 2019) (internal quotations omitted).  Further, although he filed the Response late, and although the Motion does not address the excusable neglect factors that would ordinarily govern here, Ladwig promptly filed a Response on the docket that warrants consideration of both Parties' filings.  See Fed. R. Civ. P. 6(b)(1)(B) (stating that a court may only "extend the time" for an act to be done "after the time has expired" for good cause shown and excusable neglect);

3

see also (ECF No. 14).

In addition, for this action and all future immigrant-detention habeas petitions, the Parties are reminded that the Federal Rules of Civil Procedure and the Habeas Rules still govern these cases, notwithstanding what the "practice has generally been" in this District. See (ECF No. 12 at PageID 43 n.3); see generally Fed. R. Civ. P. 4(b); Williams v. Holloway, No. 14-cv-02652, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14, 2016).

For the above reasons, the Court finds good cause to grant the Motion and finds that any neglect of the Order for Response and Staying Transfer of Petitioner by Ladwig was excusable. The Motion (ECF No. 12) is **GRANTED**, the Response filed on February 20, 2026 (ECF No. 14) is deemed filed, and the Response will be considered in ruling on the Petition.

**IT IS SO ORDERED,** this 23rd day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE